IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,   Case No. 3:19cr413

       Plaintiff(s)

-v-   ORDER

Benjamin Valentine Udeakpu,

       Defendant(s)

On June 1, 2023, I sentenced Defendant Benjamin Valentine Udeakpu to a term of imprisonment followed by a period of supervised release. I took under advisement the appropriateness of restitution, and in what amount, and set a briefing scheduled for the parties on that issue. (Doc. No. 65).

The government has filed their restitution memorandum, (Doc. No. 68), and also a supporting exhibit under seal. The Defendant opposed the government's asserted amount of restitution. (Doc. No. 71).

First, what is not in dispute. The parties agreed in their executed plea agreement to allocation of specific seized funds from the Defendant, in the amount of $12,046.00, to be applied to restitution. (Doc. No. 58, at para. 6). The issue is the appropriateness and breadth of any restitution.

Udeakpu pled guilty to the four counts charged in the indictment, which included Count 1: Conspiracy to Commit Mail, Wire, and Bank Fraud, in violation of 18 U.S.C. § 1349. He acknowledged that he may be required to pay restitution as a condition of his sentence, and further agreed "that the appropriate restitution in this case is not limited to the offense of conviction and may include restitution for all loses caused by the criminal conduct, even if such losses resulted from crimes not charged or admitted by the defendant in the factual statement." He also agreed to possible restitution to be paid jointly and severally with his co-defendant, Prince Young. (Doc. No. 58).

The government argues that bank records recovered in the investigation of the case established that Udeakpu controlled the accounts, and those accounts were used in furtherance of this scheme to defraud the victims. In fact, the government asserts that over 80 fraud transactions were attributable to victims in the bank accounts controlled by Udeakpu. Exhibit A to the government's memorandum details the names or other identifiers of those victims, the specific amount of their losses, and their contact information.

In his response, the Defendant argues that while he was convicted of a conspiracy count and that the government has provided a chart summarizing loss amounts it claims represents losses through bank accounts he controlled, the government has come up short of sufficient evidence to carry its burden of proof by a preponderance of the evidence. The Defendant notes "the government does not identify those bank accounts or provide dates of transactions or any other evidence underlying its blanket assertion that these funds moved through accounts controlled by Mr. Udeakpu." (Doc. No. 71, at 1.).

The Defendant specifically questions the inclusion of $20,000 in restitution to a victim identified as "R.M." This victim appears in the summary in Exhibit A. The Defendant claims that

discovery previously provided to him indicated that amount for that victim "was not traced back to bank statements."

The government has provided sufficient evidence and assurances to meet its burden in this case that Udeakpu should be required to pay restitution as outlined based upon his involvement in the conspiracy and control of the relevant accounts. In an abundance of caution, I will deduct the $20,000 identified for victim "R.M.", above, based on confusion or doubt about the connection of that amount to bank accounts associated with and controlled by Udeakpu.

Accordingly, I order Defendant Udeakpu to pay restitution in the amount of $1,102,621.42 to the clerk of this court to then be paid to the victims identified in government's Exhibit A, pro rata, excluding victim "R.M.", jointly and severally with his co-defendant, Prince Young.

I also order that in partial satisfaction of this restitution order, the FBI shall forward $12,046.00 in funds assigned Consolidated Asset Tracking System # 19-FBI-005779 in the form of a check payable to "Clerk, U.S. District Court" and mailed to the same, and designated "for application toward the restitution amounts entered against Defendant Benjamin Valentine Udeakpu in N.D. of Ohio case number 3:19-CR-413.

Restitution is due and payable immediately. In the event Mr. Udeakpu is unable to pay some or all of this sum, payment of restitution will commence within 60 days of beginning of his supervision in this case, and be paid monthly at the rate of 10% of his gross monthly earnings, until paid in full. I waive any interest requirement.

Nothing in this order will prevent the government from levying on any property owned by the Defendant, either known or discovered later. In addition, I impose a windfall provision directing that all monies received from other sources, anticipated or unanticipated, by paid in full towards the

restitution provision of this order, including but not limited to, tax refunds, lottery or other gaming winnings, proceeds from any probate or estate matters, any civil judgements, or other non-salary gains.

So ordered.

s/ Jeffrey J. Helmick  
United States District Judge